PROB 12C
(7/93)

# United States District Court

for

*District of Guam*

FILED
DISTRICT COURT OF GUAM
NOV 21 2006
MARY L.M. MORAN
CLERK OF COURT

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:   **George Borja Lucena**                Case Number: **CR97-00034-001**

Name of Sentencing Judicial Officer:   Honorable John S. Unpingco

Date of Original Sentence:   April 3, 1998

Original Offense:   Importation of Methamphetamine, in violation of 21 U.S.C. § 952(a) and 960

Original Sentence:   Thirty-six months imprisonment followed by five years supervised release wherein the defendant is ordered to; participate in drug treatment and testing; abstain from the use of alcohol; perform 400 hours of community service; obtain and maintain lawful employment; and pay a $100 special assessment fee. **Modified November 8, 2000** to include that the defendant: perform an additional 50 hours of community service as directed by the probation officer. **Modified May 30, 2003** to include a condition that he reside and participate in a community corrections center and/or comprehensive sanction center program for up to 120 days or until discharged by the center director with the approval of the U.S. Probation officer. **Revoked September 1, 2004** to serve nine months imprisonment with three years supervised release to follow. All previous conditions ordered in addition to performance of 200 hours of community service. **Modified July 5, 2005** to include a condition that he complete 100 hours of community service. **Modified April 6, 2006** to require the defendant submit to a maximum of eight urinalysis per month as directed by the probation officer. **Modified September 1, 2006** to serve four days of intermittent confinement.

Type of Supervision:   Supervised Release           Date Supervision Commenced:   May 2, 2005

Assistant U.S. Attorney:   Karon V. Johnson           Defense Attorney:   John T. Gorman

---

### PETITIONING THE COURT

[X]  To issue a warrant

[ ]  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number        Nature of Noncompliance

**Grade C violations.**
*Please see attached Declaration in Support of Petition;
Violation of Supervised Release Conditions, Request for a Warrant,
submitted by U.S. Probation Officer Robert I. Carreon.*

**ORIGINAL**

U.S. Probation Officer Recommendation:

☐ The term of supervision should be

☒ revoked.

☐ extended for _____ years, for a total term of _____ years.

☐ The conditions of supervision should be modified as follows:

Reviewed by:

*[signature]*

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader
Date: NOV 16, 2006

Reviewed by:

*[signature]*

KARON V. JOHNSON
Assistant U.S. Attorney
Date: 11/16/06

I declare under penalty of perjury that the forgoing is true and correct.

by: *[signature]*

ROBERT I. CARREON
U.S. Probation Officer
Date: 11/15/06

THE COURT ORDERS:

☐ No Action.

☒ The Issuance of a Warrant.

☐ The Issuance of a Summons.

☐ Other

RECEIVED
NOV 17 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

*[signature]*

HON. FRANCES TYDINGCO-GATEWOOD
Chief Judge
District of Guam

11-21-06
Date

# VIOLATION WORKSHEET

1. Defendant: **George Borja Lucena**
2. Docket Number (Year-Sequence-Defendant No.): **CR 97-00034-001**
3. District/Office: **Guam**
4. Original Sentence Date: **4** / **3** / **98**
   month / day / year

(If different than above):

5. Original District/Office: **N/A**
6. Original Docket Number (Year-Sequence-Defendant No.): **N/A**

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Failure not to commit any federal, state, or local crime - reported incident of domestic violence; | C |
| • Failure to attend urinalysis (10/6/06; 10/9/06; 10/12/06; 10/24/06; 10/31/06); | C |
| • Failure to attend drug treatment counseling (10/9/06; 10/17/06) | C |
| • Failure to obtain and maintain gainful employment; | C |
| • Failure to submit monthly supervision reports for September 2006 and October 2006; | C |

8. Most Serious Grade of Violation (see §7B1.1(b)): **C**
9. Criminal History Category (see §7B1.4(a)): **I**
10. Range of Imprisonment (see §7B1.4(a)): **3 - 9 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:97-cr-00034   Document 48   Filed 11/21/2006   Page 3 of 7

Defendant: George Borja Lucena

## 12. Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | 0 | Community Confinement | n/a |
| Fine ($) | 0 | Home Detention | n/a |
| Other | 0 | Intermittent Confinement | n/a |

## 13. Supervised Release

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: 3 to 5 years.

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from imprisonment: 42 months

## 14. Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

At Sentencing, the defendant received a downward departure from the Sentencing Guidelines for substantial assistance under U.S.S.G. §5K1.1. As such, pursuant to U.S.S.G. § 7B1.4 Application note 4, an upward departure upon revocation is warranted.

## 15. Official Detention Adjustment (see _____ months _____ days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:97-cr-00034-509 Document 48 Filed 11/21/2006 Page 4 of 7

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF GUAM**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL CASE NO. 97-00034-001 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DECLARATION IN SUPPORT OF PETITION** |
| | ) | |
| GEORGE B. LUCENA | ) | |
| Defendant. | ) | |
| | ) | |

**Re: Violation of Supervised Release Conditions; Request for a Warrant**

I, U.S. Probation Officer Robert I. Carreon, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for George Borja Lucena, and in that capacity declare as follows:

On April 3, 1998, Mr. George B. Lucena was sentenced in the District Court of Guam for the offense of Importation of Methamphetamine, in violation of 21 U.S.C. §952 (a) and 960, to serve 36 months imprisonment with five years supervised release to follow. On September 1, 2004, Mr. Lucena's term of supervised release was revoked, and he was sentenced to 9 months imprisonment followed by 36 months of supervised release. His term of supervised released began on May 2, 2005. Mr. Lucena is alleged to have committed the following violations:

**Mandatory Conditions:** *The defendant shall not commit another federal, state, or local crime (incident of domestic violence).*

On September 25, 2006, George Lucena's girlfriend, Jeannie D. Rabon, reported to the U.S. Probation Office to notify of an incident of domestic violence. She stated that on September 24, 2006, she and Lucena began a verbal argument over money and infidelity. The verbal argument soon led to physical abuse by both individuals. Rabon reported that Lucena pushed her, after which she responded with an open hand slap to his face. Lucena followed with an open hand slap to her face, but immediately stopped and apologized realizing what he had just done. At that point, Rabon left Lucena and proceeded to her father's residence. According to Rabon, she suffered no injuries and that Lucena did not make any threats of violence to her. She stated that she felt hurt emotionally, but at no point did she fear for her life. Rabon further stated that she still cares for Lucena and would be willing to continue their relationship if they entered into family counseling.

On September 28, 2006, this Officer met with Lucena, who confirmed the physical abuse and the circumstances reported by Rabon. He stated that the argument surrounded Rabon's admission to him that she recently engaged in romantic affairs with other men. Lucena also stated that he resented often having to watch over her children while she ran errands, which he suspected were

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Warrant
Re: LUCENA, George B.
USDC Cr. Cs. No. 97-00034-001
November 15, 2006
Page 2

incidences of infidelity. Despite this, Lucena stated that he would like to continue his relationship with Rabon, and would be willing to enter into a family counseling program with her, if offered to do so by the U.S. Probation Office.

On September 29, 2006, this Officer confirmed through the Superior Court of Guam Criminal Justice Information System (CJIS) that Rabon was currently under probation relative to a deferred plea for Retail Theft as contained in Superior Court Case No. CM358-05. Rabon's probation officer, Anthony L. Morcilla, was contacted and he confirmed her status under supervision. He also related that her probation conditions prohibit her from association with convicted felons.

This Officer again met with Lucena on September 29, 2006. He stated that he was unaware that Rabon was under any criminal term of supervision. For his violation of striking Rabon as outlined above (considered a misdemeanor crime of family violence), Lucena agreed to a modification of supervised release to include the conditions that he no longer associate with Ms. Rabon, and that he participate in a mental health treatment program for family violence. Mr. Lucena offered no strong objection to ceasing his association with Ms. Rabon in light of their mutual probation restrictions, but moreso because of the volatility of their relationship. He stated that her history of infidelity and her threats to report him to this Officer without cause are key reasons for his agreement.

Prior to submitting the report to the Court on the information above and pursuing the modification of conditions indicated, this Officer noted additional violations by Lucena outlined below. These additional violations necessitate the current request for a Warrant of Arrest.

**Special Conditions**: *The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic addiction to drugs or alcohol dependency, which will include testing for the detection of substance use or abuse.*

Mr. Lucena failed to report for urinalysis on October 6, 9, 12, 24, and 31, 2006. He also failed to report for individual drug treatment counseling sessions on October 9, and 17, 2006. Due to his failures to attend treatment, no further counseling sessions have been scheduled since October 17, 2006.

**Special Conditions**: *The defendant shall obtain and maintain gainful employment.*

On September 1, 2006, Mr. Lucena quit his job as a laborer with SMD Construction Corporation against the instruction of this Officer . On September 29, 2006, Mr. Lucena was instructed to begin reporting weekly to this Officer for verification of job search activities and employment assistance. To date, he has failed to report to the probation office for his weekly appointments as instructed.

**Standard Conditions**: *The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.*

Mr. Lucena failed to submit monthly supervision reports for the months of August 2006 and September 2006.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Warrant
Re:    LUCENA, George B.
USDC Cr. Cs. No. 97-00034-001
November 15, 2006
Page 3

**Supervision Compliance:**   Mr. Lucena completed all community service (400 originally ordered, 200 ordered upon revocation and 150 total modified) on August 19, 2005, and paid the $100 special assessment fee on October 26, 1999.

**Recommendation:**  Mr. Lucena's last contact with this Officer was during the compliance meeting on September 29, 2006, as reported above. He has since failed to report for any of his court-ordered appointments as outlined above, and is considered by the probation office to have absconded from his term of supervised release. Several attempts to contact Mr. Lucena telephonically have been unsuccessful. Contacts also made to his friends and family were unsuccessful at having him report. In addition, two separate visits to Mr. Lucena's apartment in Yigo were made and appointment slips were left in an attempt to have him report to this Officer.

Mr. Lucena's refusal to report to the probation office and to participate in drug treatment and testing requires immediate court action to address the danger he poses to the community. As such, it is respectfully requested that the Court issue a Warrant of Arrest for George Borja Lucena and that upon its execution, he appear for a hearing to answer or show cause why supervised release should not be revoked pursuant to Title 18, United States Code, Section 3583.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this _15th_ day of November 2006, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: ROBERT I. CARREON
U.S. Probation Officer

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc:    Karon Johnson, AUSA
       John T. Gorman, Federal Public Defender
       File